IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CORY L. DIETEMAN, | ) | 4:14CV3053 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| THE COUNTY OF LANCASTER, | ) | |
| NEBRASKA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before me on Defendant Douglas Morin's Motion to Dismiss Plaintiff's Complaint. (Filing 24.) For the reasons discussed below, the motion is denied.

## I.    BACKGROUND

Plaintiff filed his Complaint in this matter on March 14, 2014, against Lancaster County, Nebraska; the Lancaster County Adult Detention Facility; Michael Thurber; Dr. Douglas Morin ("Morin"); Douglas County, Nebraska; the Douglas County Adult Detention Center; Mark Foxall; and John and Jane Does 1-10. (Filing 1 at CM/ECF p. 1.) In general, Plaintiff alleges Defendants violated his constitutional rights by providing inadequate housing and medical treatment. (*Id.*)

On July 16, 2014, Defendant Morin filed a Motion to Dismiss along with a Brief in Support. (Filings 24 and 25.) Plaintiff has filed a Brief in Response (filing 26) and Morin has replied (filing 27). Morin's Motion is now ripe for a decision.

## II.   ANALYSIS

### A.   Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.   This "plausibility standard" is not one of *probability*, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.   Where a complaint contains facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly*, 550 U.S. at 557 (brackets omitted).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.   "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).   "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.

### B.   Morin's Motion to Dismiss

In his brief, Morin argues that Plaintiff's allegations against him fail to state an Eighth Amendment claim upon which relief may be granted.   (Filing 25.)   More specifically, Morin argues that Plaintiff's Complaint does not allege that he

"deliberately disregarded Plaintiff's needs." (*Id*. at CM/ECF p. 9; Filing 27 at CM/ECF pp. 2-5.)

A plaintiff-prisoner seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn*, 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle*, 429 U.S. at 103-04).

Here, Plaintiff alleges that he was diagnosed with an Anterior Cruciate Ligament ("ACL") tear while he was incarcerated in the Black Hawk County Adult Detention Center in Waterloo, Iowa. (Filing 1 at CM/ECF pp. 6-7.) A physician prescribed Plaintiff pain and anti-inflammatory medications, but also informed Plaintiff he would not be in the facility long enough to receive surgery. (*Id*. at CM/ECF p. 7.)

On March 8, 2011, Plaintiff was transferred to the Lancaster County Jail. (*Id*.) Upon being booked, Plaintiff informed the jail of his knee injury and asked to see a doctor. (*Id*.) On April 25, 2011, Morin examined Plaintiff, diagnosed a complete ACL tear, and informed Plaintiff that surgery was needed. (*Id*. at CM/ECF p. 8.) Despite this diagnosis, Plaintiff was not provided with a knee sleeve or a brace until August 2011. (*Id*.)

After receiving a knee sleeve, Plaintiff continued to request x-rays and an MRI of his knee with no success. (*Id*. at CM/ECF pp. 8-9.) However, on January 27, 2012,

Morin examined Plaintiff again and concluded he had "lost his medial ligament and had severed a nerve in the knee." (*Id*. at CM/ECF p. 9.)  Morin believed that Plaintiff "could easily further injure his knee by climbing or descending steps" and that he "needed an MRI."  (*Id*.)  Despite this opinion, Morin thought that Plaintiff "likely would not be allowed to do orthopedic surgery," so he did not direct the MRI be performed.  (*Id*.)  Instead, Morin prescribed an "ace bandage and a neoprene sleeve." (*Id*.)

Over the next several months Plaintiff continued to complain about his knee. (*Id*. at CM/ECF pp. 9-10.)  During this time, Morin continued to state that there was no need for off-site evaluation and that surgery was elective and would not be pursued while Plaintiff was incarcerated.  (*Id*.)

On May 21, 2012, Morin changed course and "professed a goal of evaluating and requesting a repair" of Plaintiff's torn ligament.  (*Id*. at CM/ECF p. 11.) However, on June 6, 2012, Morin informed Plaintiff that the Douglas County Adult Detention Center would not allow him to provide Plaintiff with a brace or let him order an MRI because Morin was not an orthopedic doctor.  (*Id*.)  On June 13, 2012, the Douglas County Adult Detention Center cancelled an appointment Morin had made with an outside physician and, instead, indicated it would offer Plaintiff a brace. (*Id*. at CM/ECF p. 12.)

Construing all reasonable inferences in Plaintiff's favor, I find that his allegations against Morin are sufficient to allege an Eighth Amendment claim. Indeed, Morin concluded that Plaintiff needed surgery on April 25, 2011, but he did not attempt to refer Plaintiff to a specialist for further evaluation until May 21, 2012. (*Id*. at CM/ECF pp. 7-12.)  During this time Plaintiff "lost his medial ligament" and "severed a nerve."  (*Id*. at CM/ECF p. 9.)  After diagnosing these additional injuries, Morin believed that Plaintiff "could easily further injure his knee by climbing or descending steps" and that he "needed an MRI."  (*Id*.)  Yet, because Morin thought Plaintiff "likely would not be allowed to do orthopedic surgery," he did not direct the

MRI be performed.  (*Id*.)  Deliberate indifference can be shown by persisting in an ineffective course of treatment and by delaying necessary medical treatment.  *See generally Gara v. Peek*, No. 10-cv-769-SCW, 2013 WL 3964778, at *7 (S.D. Ill. July 13, 2013) (denying doctor's motion for summary judgment where doctor contributed to delay in ruling out inmate's ACL tear and persisted in sending inmate to ineffective physical therapy in lieu of referring him to a specialist); *Baker v. Wilkinson*, 635 F. Supp. 2d 514, 521 (W.D. La. 2009) ("Deliberate indifference may be shown when prison officials have denied an inmate a prescribed treatment or have denied him access to medical personnel capable of evaluating the need for treatment."). Accordingly, Morin's Motion to Dismiss is denied.

IT IS THEREFORE ORDERED that:

1.     Morin's Motion to Dismiss (filing 24) is denied.

2.     Morin shall file an answer within seven days of the date of this Memorandum and Order.

DATED this 27th day of October, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.