IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CORY L. DIETEMAN,<br><br>          Plaintiff,<br><br>vs.<br><br>THE COUNTY OF LANCASTER, NEBRASKA, et al.,<br><br>          Defendants. | 4:14CV3053<br><br>**PROTECTIVE ORDER** |

      The matter is before the court on Defendants Douglas County, Nebraska and Mark Foxall's (the "Douglas County Defendants") unopposed motion for entry of a protective order.  ([Filing No. 58](#)).  The Douglas County Defendants set forth the following factual basis for the motion:

      1.      The DCDC Post Orders encompass twenty-seven (27) single-sided pages;

      2.      The DCDC Post Orders contain non-public information from which security measures within the Douglas County Correctional Center ("DCCC") may be discerned;

      3.      The DCDC Post Orders also contain information properly disclosed pursuant to Fed. R. Civ. P. 26 insofar as the DCDC Post Orders refer to certain measures ensuring Inmate's receipt of Health Care services within DCCC; and

      4.      On April 15, 2015, counsel for the Douglas County Defendants circulated an electronic copy of the proposed Stipulated Protection Order amongst counsel for other parties to this action. The proposed Stipulated Protection

Order outlines the measures recipients of the DCDC Post Orders must take in order to maintain the confidentiality of these records.

5. There are no objections to this Court's entry of the proposed Stipulated Protection Order.

6. Because this motion seeks relief within the discretion of the court and presents no substantial issue of law, no brief is required or submitted in accordance with NECivR 7.1 (a)(l)(B).

Based upon these representations,

IT IS ORDERED:

1. Defendants' unopposed Motion for Protective Order, (Filing No. 58), is granted.

2. The Douglas County Defendants shall provide counsel for the parties to this action with copies of the DCDC Post Orders subject to the terms of the Stipulated Protection Order.

3. The DCDC Post Orders shall be placed in one or more envelopes marked "CONFIDENTIAL MATERIAL" and shall be maintained separate from, and not commingled with, any other document or items.

4. Except as hereinafter provided or upon further order of this Court, no item in the DCDC Post Orders or any description or summary of its contents may be revealed to any person or entity except to the parties in this action

(including those law school interns, secretaries, and paralegals employed by the aforementioned, along with attorneys who are assisting counsel in this action and any person retained by Plaintiff or Defendants as an expert in this action) or to the Court.

5. Each individual described in Paragraph 3, above, to whom the DCDC Post Orders are disclosed shall not disclose information or descriptions of the DCDC Post Orders to any other individual, except as provided in the Stipulated Protection Order, or use it for any purpose other than in connection with this action. Before the DCDC Post Orders may be disclosed to any person described in Paragraph 3, above, he or she shall have first read this Order or shall have otherwise been instructed in his or her obligations under this Order by counsel for Plaintiff or counsel for Defendants.

6. DCDC Post Orders shall be viewed and/or used only for purposes of preparing and presenting this case. The parties shall confer and attempt to agree, before any hearing, on the procedures under which confidential material may be introduced or otherwise used at depositions, trial, or in connection with motions to the Court. Absent agreement, the Court shall be asked to issue an order governing the use of DCDC Post Orders.

7. Any person receiving a copy of the DCDC Post Orders as allowed herein shall maintain the copy in the same manner as the Stipulated Protection Order requires of the initially provided material. All copies shall be considered to be included within the term "confidential material" as used in the Stipulated Protection Order and possession and use of any copy shall be

      subject to the terms of the Stipulated Protective Order to the same extent as the originally provided material.

8. At the conclusion of this case all DCDC Post Orders, including all copies received pursuant to this Order, shall be returned to counsel for the Douglas County Defendants unless otherwise ordered by the Court.

9. The Stipulated Protective Order shall not terminate upon the conclusion of this action but shall continue until the further order of the Court or until the Douglas County Defendants have waived confidentiality in writing.

10. The Court may impose sanctions with respect to any person or entity improperly granting access to material subject to the Stipulated Protective Order. Any person or entity, whether or not a party, violating the Protective Order may be punished for contempt of Court.

Dated this 16th day of April, 2015

                                        BY THE COURT:

                                        *s/ Cheryl R. Zwart*
                                        United States Magistrate Judge